IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Big Potato Enterprises Limited,**<br><br>*Plaintiff*,<br><br>v.<br><br>**A Li Beauty; afafafaghgh; agadgag; Anshengsshop May; ASZDVGXFB; baihuolingshi shop; BANTOOR; Bbak; BDIJFFOD; beerconylene; BINBANTO; BrassThistle; BrightBlox; BWDJ; BZCJ; caihaohaodian; Ccjk; CGHFRHVD; chengzaifeng shop; chenxilonger; chunchushop; CJYDJIANeight; CJYDJIANONE; Clothing Shoe Bags; CP Alex; Crownix; CYCCYH; czongzili; D529402'shop; DamaiO; DamaiTwo; damingne; Dick one; dzxgbz; EcoEdge; eightnineshop; EooE; erhanronghao; Erics autumn; erwohbn; erzhenghui; FamilyABCYF; FanFanLive; FANHU GROUP; Fanyeoo o; FiagiaoL; GETIFITgoods; GHJGFJDFJFGNGHK; GinvenLaaa; Good quality factorys; googol sky; guoyantingshop; Haiyashop December; Harvey Picks; HEHUAYOUXUAN; Hhjk; HLLXD; huangjiandianzi; huangjiandianzipu; HWZHOUYU; Hxin Small shop; jeerortemu; JIANEIGHTYtwo; Jinxingdian; JinXiuxiu; jiuyoushop; Juffds April; Juffds May; kanling shop; KDyMa; KHXD; Kkjk; Kyoto Bazaar; laicaiiiii; LHWLShop; LiMengZhaoyouxuan; Linruiyun; LINYANGTE SAN SHOP; liuguilinzahuodian; loving peripherals; LPJXD; LuxeVibea; Luxzens; luyaoshangVIII; Magical cleanse; maolinglizahuo; maolinglizahuopu; maoqiongyidian; maoqiongyidianpu; maoqiongyishangpu; mengzhaouuy; Microant;** | **SEALED**<br><br>Civil Action No.<br><br>Jury Trial Demanded |

**Mimi Baby Shop; Mingnong Office Supplies Local; Mingpushop June; MKMKFFGGD; MoralEslondu; Mwujin shop; NDFPOKRSO; NivalisCo; NNISDHODI; ok goods; OnglialiaSHOP; OOJIAAAA; panyulan; playboyppp; Ppjk; QianWild Vanai; qianyanthree; qiusanying; Qqjk; QSMBH; Reborn Home; riyongpin B; rizashangdian shop; rizashanghan shop; RQcollection; rregan; RTrSHOP; SDZZ; shengjianxiaopu; shengyixinglongAA; shenlantwo; Shines summer; shisiyue; Shui Miaomiao Home; Sky Goodies; STAR PIE GROUP; stxd; Sweetheart Candy; SYSTEMS INC; TaaaT; tangjiangpinger; Taoxetm; ThermoGuard; Thrivehope; TIAN LUCK; TrendyMartAA; trickcotton; TTYYGHGHT; USHOLLYLINKA; uU GOODS; ValueVoyageGuan; Wangmeijun Erdian; WHBHD; whiiuhb; wkxdd; WUQIANYUN; WUYOUY ER SHOP; xdcgbjkl; xdige; xhsujiao; Xiao Gen Home; xiaochunshui; XIENYNPLDAI; Xingguangshop May; xinhangdaoo; Xinyeu x; Xlstemulocal; XMTTK; xueyongyi; Xuyanpingfinegoods; xywenfang; Yaing; YanbaoyingBargainKing; Yangsuiyu; YCGXD; YDQIANG; yexiaofengfengdian; You En Home; YSLBH; yuqianyouxuan; YYDeek local; Yyjgj; YYOKDEIO; zahuoshanghang shop; ZAPZIPMART; Zealars; zhangzhendian; zhouhuilinshangpu; ZHOUMMJ; ZHZD; ZQSBH; ZXWXD; and ZYSBH,**

   *Defendants.*

# COMPLAINT

1) This is an action for trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin and/or false endorsement in violation of 15

U.S.C. §1125(a), as well as common law trademark infringement and unfair competition.

2) This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367.

3) This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

4) Alternatively, this Court has personal jurisdiction over Defendants because Defendants, on information and belief, either transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

5) Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

# THE PARTIES

6) Plaintiff Big Potato Enterprises Limited ("Plaintiff") is a United Kingdom private limited company.

7) On information and belief, Defendants A Li Beauty; afafafaghgh; agadgag; Anshengsshop May; ASZDVGXFB; baihuolingshi shop; BANTOOR; Bbak; BDIJFFOD; beerconylene; BINBANTO; BrassThistle; BrightBlox; BWDJ; BZCJ; caihaohaodian; Ccjk; CGHFRHVD; chengzaifeng shop; chenxilonger; chunchushop; CJYDJIANeight; CJYDJIANONE; Clothing Shoe Bags; CP Alex; Crownix; CYCCYH; czongzili; D529402'shop; DamaiO; DamaiTwo; damingne; Dick one; dzxgbz; EcoEdge; eightnineshop; EooE; erhanronghao; Erics autumn; erwohbn; erzhenghui; FamilyABCYF; FanFanLive; FANHU GROUP; Fanyeoo o; FiagiaoL; GETIFITgoods; GHJGFJDFJFGNGHK; GinvenLaaa; Good quality factorys; googol sky; guoyantingshop; Haiyashop December; Harvey Picks; HEHUAYOUXUAN; Hhjk; HLLXD; huangjiandianzi; huangjiandianzipu; HWZHOUYU; Hxin Small shop; jeerortemu; JIANEIGHTYtwo; Jinxingdian; JinXiuxiu; jiuyoushop; Juffds April; Juffds May; kanling shop; KDyMa; KHXD; Kkjk; Kyoto Bazaar; laicaiiiii; LHWLShop; LiMengZhaoyouxuan; Linruiyun; LINYANGTE SAN SHOP; liuguilinzahuodian; loving peripherals; LPJXD; LuxeVibea; Luxzens; luyaoshangVIII; Magical cleanse; maolinglizahuo; maolinglizahuopu; maoqiongyidian; maoqiongyidianpu; maoqiongyishangpu;

mengzhaouuy; Microant; Mimi Baby Shop; Mingnong Office Supplies Local; Mingpushop June; MKMKFFGGD; MoralEslondu; Mwujin shop; NDFPOKRSO; NivalisCo; NNISDHODI; ok goods; OnglialiaSHOP; OOJIAAAA; panyulan; playboyppp; Ppjk; QianWild Vanai; qianyanthree; qiusanying; Qqjk; QSMBH; Reborn Home; riyongpin B; rizashangdian shop; rizashanghan shop; RQcollection; rregan; RTrSHOP; SDZZ; shengjianxiaopu; shengyixinglongAA; shenlantwo; Shines summer; shisiyue; Shui Miaomiao Home; Sky Goodies; STAR PIE GROUP; stxd; Sweetheart Candy; SYSTEMS INC; TaaaT; tangjiangpinger; Taoxetm; ThermoGuard; Thrivehope; TIAN LUCK; TrendyMartAA; trickcotton; TTYYGHGHT; USHOLLYLINKA; uU GOODS; ValueVoyageGuan; Wangmeijun Erdian; WHBHD; whiiuhb; wkxdd; WUQIANYUN; WUYOUY ER SHOP; xdcgbjkl; xdige; xhsujiao; Xiao Gen Home; xiaochunshui; XIENYNPLDAI; Xingguangshop May; xinhangdaoo; Xinyeu x; Xlstemulocal; XMTTK; xueyongyi; Xuyanpingfinegoods; xywenfang; Yaing; YanbaoyingBargainKing; Yangsuiyu; YCGXD; YDQIANG; yexiaofengfengdian; You En Home; YSLBH; yuqianyouxuan; YYDeek local; Yyjgj; YYOKDEIO; zahuoshanghang shop; ZAPZIPMART; Zealars; zhangzhendian; zhouhuilinshangpu; ZHOUMMJ; ZHZD; ZQSBH; ZXWXD; and ZYSBH ("Defendants") are foreign entities, associations, or individuals with unknown locations, all of whom advertise and sell a variety of goods through their virtual

storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces").

8) Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

## RELEVANT FACTS

### Plaintiff's Trademarks

9) Plaintiff owns all intellectual property rights, including all trademark rights, to a number of highly popular board games.

10) Plaintiff owns numerous federally registered and common law trademarks including, but not limited to, BIG POTATO, CARDS VS GRAVITY, GOOD FACE BAD FACE, HERD MENTALITY, SOUNDS FISHY, SNAKESSS, YOU CAN'T SAY UMM, and many others (collectively, "Plaintiff's Marks"). Each of Plaintiff's Marks is valid and enforceable.

11) Attached hereto as Exhibit A are true and correct copies of federal certificates of registration for certain of Plaintiff's Marks.

12) Plaintiff's Marks have been consistently used in commerce for a number of years, some since as early as 2016, and cover various types of board and parlor games. Plaintiff has not abandoned any of Plaintiff's Marks.

13) As a result of Plaintiff's extensive use of Plaintiff's Marks in commerce, through sale of goods, offering goods for sale, advertising, promotion, or otherwise, Plaintiff's Marks have achieved considerable goodwill throughout the United States and the world.

14) As a result of Plaintiff's extensive promotion and use of Plaintiff's Marks for many years, consumers have come to recognize Plaintiff's Marks as indicating goods emanating from Plaintiff.

15) On information and belief, each Defendant sells, offers for sale, distributes, and/or advertises goods to customers in the United States, including in this judicial district.

16) Each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces.

17) Plaintiff has captured screenshots of the infringing product listings at issue on the Marketplaces for each Defendant and has attached them hereto as Exhibit B.

18) None of the Defendants is authorized to sell, offer for sale, distribute, or advertise any goods under or in connection with any of Plaintiff's Marks.

19) On information and belief, each Defendant: (a) sources infringing goods from one or more of the same suppliers or manufacturers who facilitate, instruct, and/or coordinate each of the Defendants' actions; (b) utilizes identical product descriptions (including identical grammar errors and misspellings), product images, sequences of product images, pricing structures, payment options, shipping information, keywords, metadata, and other indicia of purposeful relatedness; (c) operates multiple virtual storefronts within and across multiple Marketplaces; and (d) participates in on-line forums dedicated to avoiding or minimizing liability. Therefore, on information and belief, Defendants are working together to knowingly and willfully sell, offer for sale, distribute, or advertise infringing goods in the same transaction, occurrence, or series of transactions or occurrences.

## COUNT I.

## INFRINGEMENT OF A REGISTERED TRADEMARK
## IN VIOLATION OF 15 U.S.C. § 1114

20) Paragraphs 1-19 are realleged and incorporated herein by reference.

21) Each Defendant is using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of each Defendant's goods.

22) Each Defendant's aforesaid actions are likely to cause damage and other irreparable injury to Plaintiff unless such actions are enjoined by this Court, Plaintiff having no adequate remedy at law.

23) Each Defendant's aforesaid actions constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

24) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of its goods. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

25) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

26) Plaintiff is further entitled to an award of three times its damages or profits from each Defendant found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

27) Alternatively, Plaintiff is entitled to an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale pursuant to 15 U.S.C. § 1117(c).

28) Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT II.

## FALSE DESIGNATION OF ORIGIN AND/OR FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

29) Paragraphs 1-19 are realleged and incorporated herein by reference.

30) Each Defendant is using in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact on or in connection with its goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff.

31) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

32) Defendants' acts constitute false designation of origin and/or false endorsement in violation of 15 U.S.C. § 1125(a).

33) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

34) Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

# COUNT III.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35) Paragraphs 1-19 are realleged and incorporated herein by reference.

36) Each Defendant's use of one or more marks that is confusingly similar to one or more of Plaintiff's Marks, in connection with goods which are the same as or are competitive with Plaintiff's goods, is likely to cause confusion, to cause mistake, and to deceive as to the source or origin of its goods.

37) Each Defendant is offering its goods for sale with full knowledge of Plaintiff's Marks.

38) Each Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

39) Plaintiff is entitled to recover from each Defendant actual and compensatory damages in an amount to be proven at trial in addition to any other available remedies.

40) Each Defendant's aforesaid conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks and further constitutes common law unfair competition, all of which has irreparably damaged and/or will

irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1) That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiff's Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2) That an accounting be conducted and judgment be rendered against each Defendant for:

    a) all profits received by each Defendant from the sale of goods under or in connection with Plaintiff's Marks in the United States;

    b) all damages in an amount proven at trial from, *inter alia*, each Defendant's trademark infringement, false designation of origin, and false endorsement, pursuant to 15 U.S.C. § 1117; and

    c) any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

3) That any damages assessed against any Defendant for trademark infringement, false designation of origin, and/or false endorsement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

4) Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

5) That each Defendant be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6) That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7) That Plaintiff have such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: August 19, 2025.

                                        Respectfully submitted,

                                        THE SLADKUS LAW GROUP

                                        *s/ Carrie A. Hanlon*
                                        Carrie A. Hanlon
                                        Ga. Bar No. 289725
                                        E-mail: carrie@sladlaw.com
                                        Jason H. Cooper
                                        Ga. Bar No. 778884
                                        E-mail: jason@sladlaw.com

                                        1397 Carroll Drive
                                        Atlanta, GA 30318
                                        Telephone: (404) 252-0900
                                        Facsimile: (404) 252-0970

                                        ***Attorneys for Plaintiff***